UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    JS-6

Case No.   2:23-cv-06896-HDV-Ex                                         Date: January 22, 2024

Title   <u>Torres et al v. Residence Inn by Marriott Long Beach et al</u>


Present: The Honorable:   Hernán D. Vera, United States District Judge

|  Wendy Hernandez  |  None.  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None. | None. |


**Proceedings: ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND [DKT. NO. 14]**

Before the Court is Plaintiffs Ashley Torres and Agustin Rosa's ("Plaintiffs'") Motion to Remand ("Motion") filed on September 20, 2023 [Dkt. No. 14]. Defendant International Certified Safety, Inc. filed its Opposition ("Opp.") on October 2, 2023 [Dkt. No. 17]. Plaintiffs filed their Reply on November 10, 2023 [Dkt. No. 22].[1] The Court held oral arguments on the Motion on December 7, 2023, and grants the motion for the reasons stated below.

The forum defendant rule bars removal on this record. An action removable solely based on diversity jurisdiction under 28 U.S.C. § 1332(a) "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (finding that while "[r]emoval based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court," "[t]he need for such protection is absent … in cases where the defendant is a citizen of the state in which the case is brought").

Here, each element of the forum defendant rule is met. Removal of the present Action was based solely on diversity jurisdiction. *See* Notice of Removal ¶ 6 ("NOR") [Dkt. No. 1]. International Certified Safety, Inc. is a citizen of California because it is "a California

---

[1] Defendants Residence Inn by Marriott, LLC and PI Properties No. 45, LLC filed an untimely opposition on November 16, 2023, six days after Plaintiffs filed their Reply. The Court in its discretion has considered the arguments in this untimely filing but finds that they do not affect the analysis presented here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-06896-HDV-Ex                                               Date: January 22, 2024

Title   <u>Torres et al v. Residence Inn by Marriott Long Beach et al</u>

corporation, with its principal place of business located in Los Angeles, California." NOR ¶ 6. Both International Certified Safety, Inc. and the other forum defendant, PI Properties No. 45, LLC, were properly joined and served in this action. *See* Notice and Acknowledgement of Receipt [Exhibit B, Dkt. No. 14-4 at 2–3]; *see also* Stipulation to Correct Doe Designations [Dkt. No. 1-13 at ¶ 1]. And the case was originally brought in the Superior Court of the State of California, County of Los Angeles, which is a forum state for International Certified Safety, Inc. NOR ¶ 2.

International Certified Safety, Inc. argues that the forum defendant rule does not apply here because the Plaintiffs claimed they were California residents when they were actually residents of Florida. Opp. at 2-5; *see* Complaint ¶ 1 [Dkt. No. 1-3]. International Certified Safety, Inc. argues that "an exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a 'sham' non-diverse defendant." Opp. at 4; *see Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). However, as discussed above, Plaintiffs properly joined and served the forum defendants, so none of the defendants were "fraudulently joined." Importantly, neither *Ritchey* nor any other case cited by International Certified Safety, Inc. holds that Plaintiff's erroneous statement of residency nullifies the forum defendant rule.[2] *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (finding that a defendant is fraudulently joined when a "plaintiff fails to state a cause of action against a resident defendant").

In summary, the forum defendant rule plainly bars removal. The Motion is granted and the case is remanded back to state court.

**IT IS SO ORDERED.**

---

[2] The Court does not find that Plaintiff's factually inaccurate statement about its own residency was fraudulent. But even assuming *arguendo* that this can be shown, removal is still barred by the forum defendant rule and the Court is without discretion to assume jurisdiction on equitable principles.